PER CURIAM.
This is an interlocutory appeal by the defendant, T. C. (Ted) Ward, from an order denying his motion to dismiss for insufficient process and insufficient service of process.
Charles L. Gibson, plaintiff, filed a verified complaint against Ward seeking compensatory and punitive damages allegedly owed pursuant to an oral contract. The summons directed that it be served together with a copy of the complaint, on T. C. (Ted) Ward at an address and apartment number in Fort Lauderdale, Florida, or on Allyn Gibson at the same address. When the Sheriff of Broward County was unable to serve Ward, a special process server was appointed by the court. The process server served one Allyn Gibson, Ward’s roommate, at Allyn Gibson’s leased parking space in the garage of the large hi-rise condominium apartment complex where Allyn Gibson and Ward reside. Ward filed a motion to dismiss on the ground of lack of jurisdiction because of insufficient process and service of process. The motion was denied.
Ward’s point on appeal is that service upon one other than the defendant at a place other than the defendant’s usual place of abode is not valid service on the defendant. Section 48.031, Fla.Stat., provides that,
“Service or original process is made by delivering a copy of it to the person to be served with a copy of the complaint . or by leaving the copies at his usual place of abode with some person of the family who is 15 years of age or older and informing the person of their contents . . . ”
In our opinion, under the facts presented in this case, service was not made at the defendant’s “usual place of abode” as required by § 48.031, supra. Accordingly, the order denying the motion to dismiss is reversed.
Reversed.