PER CURIAM.
This non-final appeal arises out of an “order denying a motion to vacate default and for relief from final judgment, and to quash service of process.”
The record supports the trial court’s finding that Alexander Glickstein effected valid service of process on Melvin Rokeach, and that Mr. Rokeach failed to demonstrate excusable neglect in support of his motion to vacate default and for relief from final judgment.
As to Susan Rokeach, service was sufficient under section 48.031(l)(a), Florida Statutes (1997). On appeal, the facts should be viewed in the light most favorable to sustaining the trial court’s order. Before February 19, the process server had made two attempts to serve the Rokeachs at their home. On the day of service, the process server went to the home at 6:19 a.m. He rang the doorbell and no one answered. Susan Rok-each was in the house at the time. He returned to his ear, parked on the street in front of the house and waited. At 8:10 a.m., a ear emerged from the driveway of the house. Melvin Rokeach was the driver. The process server stood in its path as it turned onto the street. After a conversation with the driver in which he identified himself and described the summons and complaint, the process server placed the suit papers against the window of the automobile, holding them there for four or five seconds before the driver pulled away. At this time, the process server was eight to ten feet from the residence. The entire episode took from two to five minutes.
Under these circumstances, process was delivered “at” Susan Rokeach’s “usual place of abode” to a person residing therein. The eight to ten foot distance from the location of service to the Rokeach residence distinguishes this case from Ward v. Gibson, 349 So.2d 173 (Fla. 3d DCA 1976), where service was made on the defendant’s roommate in a parking space in the garage of the defendant’s apartment complex.
AFFIRMED.
GUNTHER and GROSS, JJ., concur.
DELL, J., concurs in part and dissents in part with opinion.